**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-7908**

———————

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

     v.

JAMES RAYMOND SCHIMMEL,

                 Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:12-cr-00494-LO-1; 1:14-cv-00550-LO)

———————

Submitted: May 19, 2016            Decided: June 2, 2016

———————

Before SHEDD, WYNN, and THACKER, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

James Raymond Schimmel, Appellant Pro Se. Kellen Sean Dwyer, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Raymond Schimmel seeks to appeal the district court's order construing his Fed. R. Civ. P. 60(b)(4) motion, in which he challenged the district court's jurisdiction to convict him, as a 28 U.S.C. § 2255 (2012) motion, and denying relief. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012); United States v. McRae, 793 F.3d 392, 398 (4th Cir. 2015); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004), abrogated in part by McRae, 793 F.3d at 399-400 & n.7. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484–85.

In McRae, we "address[ed] the question whether, in light of Reid . . . and Gonzalez v. Crosby, 545 U.S. 524 (2005), [a habeas applicant]'s appeal of the district court's dismissal of his Rule 60(b) motion as an unauthorized successive § 2255 motion is subject to the certificate of appealability requirement." Id. at 396 (citations and internal quotation marks omitted). We held that no certificate of appealability is required for us to "address the district court's jurisdictional categorization of a Rule 60(b) motion as a successive habeas petition." Id. at 398.

Importantly, McRae abrogates Reid's certificate of appealability requirement only in the narrow situation where the district court construes a Rule 60(b) motion as a successive habeas petition. See id. at 400 n.7. Applying Reid and McRae here, we conclude that appellate review of the district court's order denying Schimmel's motion as an initial § 2255 motion is subject to the certificate of appealability requirement. While the district court recharacterized Schimmel's motion, it did not characterize the motion as a successive § 2255 motion, and it did not reject the motion on jurisdictional grounds. For the reasons set forth, we conclude that Schimmel has not demonstrated he is entitled to relief. Accordingly, we deny a certificate of appealability and dismiss the appeal.

3

Additionally, we construe Schimmel's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: "(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Schimmel's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED